RECEIVED
OCT - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AIR LOGISTICS, LLC, ET AL | CIVIL ACTION NO. 05-1334 (LEAD) C/W 05-1335 (MEMBER) |
| VERSUS | JUDGE DOHERTY |
| BELL HELICOPTER TEXTRON, INC. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING AND ORDER

Currently pending before the Court is Bell Helicopter Textron, Inc.'s ("Bell") "Brief in Support of Trial by Jury." [Rec. Doc. 61][1] In its brief, Bell argues it is entitled to trial by jury on all issues in this matter.[2] Bell argues all issues may be tried to the jury, first noting it timely requested trial by jury in conformity with FED. R. CIV. PROC. 38. Bell next argues, "When claims carrying a right to a jury trial are joined with admiralty claims, all of the claims may be tried to a jury." [Id. at 2] Bell cites Fitzgerald v. United States Lines Co., 374 U.S. 16

---

[1] On August 14, 2008, the Court ordered Bell to submit a brief in support of its request that all claims in this matter be tried to a jury, as one claim brought by the Ellises is made pursuant to the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30302, which ordinarily would not be tried to a jury. [See Civ. Act. No. 05-1335, Rec. Doc. 13, p.12 ("[D]efendants . . . prays [sic] for a trial by jury." *See also* FED. R. CIV. PROC. 38(c)("In its demand, a party may specify the issues that it wishes to have tried by a jury; *otherwise, it is considered to have demanded a jury trial on all the issues **so triable**.*" (Emphasis added)] DOHSA provides, in pertinent part: "When the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas . . . , the personal representative of the decedent may bring a civil action *in admiralty* against the person or vessel responsible." (Emphasis added.) Thus, as DOHSA claims are brought on the admiralty side of the court, absent a jurisprudential exception, no constitutional or statutory right to trial by jury exists. *See e.g.* Curry v. Chevron, 779 F.2d 272, 274, n.1 (5th Cir. 1985). However, in this matter, plaintiffs have also made claims at law (Louisiana state law claims premised upon diversity of citizenship), which are entitled to trial by jury.

[2] Plaintiff has not filed an opposing brief.

(1963), in support of its argument.

In Fitzgerald, the Supreme Court held that a seaman - who joins in one complaint a maintenance and cure claim (which lies exclusively in admiralty) and a Jones Act claim (which may be tried to either the law or admiralty side of the court) - is entitled to a jury trial as of right on all claims, where the claims arise out of one set of facts. The Court reasoned as follows:

> While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases. Article III of the Constitution vested in the federal courts jurisdiction over admiralty and maritime cases, and, since that time, the Congress has largely left to this Court the responsibility for fashioning the controlling rules of admiralty law. This Court has long recognized its power and responsibility in this area and has exercised that power where necessary to do so. Where, as here, a particular mode of trial being used by many judges is so cumbersome, confusing, and time consuming that it places completely unnecessary obstacles in the paths of litigants seeking justice in our courts, we should not and do not hesitate to take action to correct the situation. Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactment to try all the claims. Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. The seaman in this case was therefore entitled to a jury trial as of right on his maintenance and cure claim.

Id. at 1650 (footnotes omitted).

Bell notes the claims in Fitzgerald are different than those before this Court. However, Bell argues Fitzgerald "provides clear guidance on the matter before this court," and pursuant to the reasoning in Fitzgerald, this Court should allow all issues to be tried to a jury. The Court

agrees. The Court finds additional support for this position in <u>Moragne v. States Marine Lines, Inc.</u>, 398 U.S. 375, n. 14 (1970), and <u>Woosley v. Mike Hooks, Inc.</u>, 603 F.Supp 1190 (W.D.La. 1985). Accordingly, this matter SHALL BE TRIED IN ITS ENTIRETY TO A JURY.[3]

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of October, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] It should additionally be noted that consolidated plaintiffs (Air Logistics, LLC and AIG Aviation, Inc.) specifically requested trial by jury in their complaint.